# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**HEINER JULIAN ARBOLEDA SATIZABAL,**<br><br>**Defendant.** | **Criminal Action No. 10-18-6 (JDB)** |

## MEMORANDUM OPINION & ORDER

Defendant Heiner Julian Arboleda Satizabal pleaded guilty on December 8, 2011 to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959, 960, and 963. The terms of his plea agreement under Fed. R. Crim. P. 11(c)(1)(c) placed his recommended sentencing range at 135–168 months, Plea Agreement [ECF No. 118] ¶¶ 8–9, and ultimately the Court sentenced him to 108 months on November 27, 2012. Satizabal did not appeal his sentence, having waived his direct appeal as part of the plea agreement. Id. ¶ 23. On February 17, 2016, however, he filed a pro se motion to correct his sentence under 28 U.S.C. § 2255. Def.'s Mot. [ECF No. 402] at 1. Relying on United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), Satizabal's motion asks the Court to reduce his sentence by six months to account for the fact that his status as a deportable alien will lead to harsher conditions of confinement than those a U.S. citizen would face. The Court will deny the motion as untimely.[1]

Motions under § 2255 must generally be filed no later than one year after a judgment of conviction becomes final, subject to certain enumerated exceptions. See 28 U.S.C. § 2255(f). Satizabal's motion appears untimely on its face, as it was filed 39 months after his judgment of

---

[1] The Court has considered the United States' memorandum in opposition in addition to the motion itself. The Court instructed Satizabal that he could file a reply by no later than May 2, 2016, but he has not done so.

conviction became final.  Satizabal briefly mentions § 2255(f)(4) to justify his filing long after one

year had passed, but he does not explain how his case fits into this exception.  Section 2255(f)(4)

delays the start of the one-year period until "the date on which the facts supporting the claim or

claims presented could have been discovered through the exercise of due diligence."  Satizabal

identifies no facts that were not known to him at the time of sentencing.  His primary argument is

that his status as a deportable alien should have yielded a lower sentence.  As his plea agreement

makes clear, however, Satizabal was aware at the time of sentencing that his status as a deportable

alien could affect his sentence—indeed, his plea agreement expressly waived the opportunity to

ask the Court for a reduction on that ground.  Plea Agreement ¶ 9.  Section 2255(f)(4) must be

triggered by newly discovered facts, not new legal theories arising out of known facts.  United

States v. Pollard, 416 F.3d 48, 54–55 (D.C. Cir. 2005).  Satizabal's claim does not even rise to the

level of a new legal theory.  Because § 2255(f)(4) is inapplicable—as are (f)(2) and (f)(3) as well—

his motion  is untimely.  See United States v. Matthews, 968 F. Supp. 2d 234 (D.D.C. 2013)

(denying as time-barred a motion filed more than four years after judgment that failed to identify

newly discovered facts).

Even if Satizabal's motion were timely, it would fail on the merits.  A downward

sentencing departure under Smith is not mandatory; the Smith Court itself predicted these

sentencing departures would be rare.  See Smith, 27 F.3d at 655.  Moreover, Satizabal explicitly

agreed that he would not seek a Smith reduction as part of his plea deal: "The parties further agree

that the Defendant shall receive no credit or adjustment of the sentence recommended by the

United States . . . pursuant to United States v. Smith as a result of the Defendant's status as a

deportable alien."  Plea Agreement ¶ 9 (citation omitted).  Having agreed not to seek this reduction,

Satizabal can hardly now demand it.  The Court was aware of his status as a deportable alien at the time of sentencing and is confident that his below-Guidelines sentence was appropriate.

Satizabal also mentions offhandedly that his "counsel failed to raise [the Smith] issue with the Court or seek an appropriate reduction consistent with that which is sought in this motion." Def.'s Mot. at 5.  If construed as an allegation of ineffective assistance of counsel, this claim is also time-barred by § 2255(f) and would similarly fail on the merits.  The decision not to raise at sentencing a reduction argument explicitly foreclosed by the plea agreement is not objectively unreasonable.  See Strickland v. Washington, 466 U.S. 668, 687–88 (1984) (holding that a defendant claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness").  Satizabal does not argue that the strategic choice to waive the Smith reduction in the course of plea bargaining was objectively unreasonable, and the Court cannot see that it was.  Satizabal was sentenced well below the Guidelines range agreed to in his plea agreement and was not prejudiced by his attorney's strategic choices.  There is therefore no valid ineffective assistance of counsel claim.

Satizabal needed to file his motion under § 2255 no later than a year after the entry of judgment.  Even had he done so, however, his underlying claims would have been meritless.  The Court will therefore deny the motion.  It will also deny a certificate of appealability.  See 28 U.S.C. § 2253; Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rule 11(a). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473,

484 (2000).  In the Court's view, jurists of reason would not find debatable either the Court's conclusion that Satizabal's motion was untimely or its conclusion that the motion fails to state a valid constitutional claim.

## ORDER

Upon consideration of [402] defendant's motion under 28 U.S.C. § 2255, [407] the government's memorandum in opposition, and the entire record herein, and for the foregoing reasons, it is hereby

**ORDERED** that the defendant's motion is **DENIED**; and it is further

**ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

_____/s/_____

JOHN D. BATES
United States District Judge

Dated:  June 3, 2016